Sedgwick, J.,
said that three of the justices who heard the *328 argument were of opinion that the plaintiff was entitled to recover, and judgment was accordingly rendered for the plaintiff. He said that he gave no opinion of his own, not having heard the arguments.
The Court directed that interest be allowed on the premium from the time of the service of the writ; as they also did in three or four other causes depending here, which had been continued to the present term, and in which it had been agreed by the parties that judgment should be rendered according to the decision which should be made in the present case.'
The succeeding week, at Cumberland, P. Mellen moved that interest might be allowed from the time the premiums had been paid to the insurers; as they had, as he contended, retained the money from that time wrongfully.
The Court (iSedgiviclc, Sewall, and Thacker, justices) denied the motion, because they had never gone further than to allow interest from the sendee of the writ; and till very lately no interest had been allowed in actions for money had and received! [ * 4B9 ] * [Although Sedgwick, J., did not state the ground of the decision of the three justices who were of opinion that the plaintiff was entitled to recover, and although I was not present at the argument, yet from the following sketch, which I am authorized to make, the questions made by the counsel, and the principles upon which the opinion of the judge who dissented, as well as of those who were in favor of the plaintiff, were founded, may probably be understood.]
The judge who differed in opinion from the others considered these questions—First, whether, upon the facts, a want of seaworthiness, in the sense and to the extent which avoids policies altogether, had appeared in this case. Admitting a want of seaworthiness to the extent which would avoid demands, as partial damages arising immediately from leakiness, &c., yet here was not that entire defect of vessel which renders her unworthy to be the subject of any contract; and it was too late for the plaintiff in this action to say she was wholly incapable of performing the voyage insured, when, in a legal sense at least, and as regards this contract, she had actually performed it. Secondly, supposing the want of seaworthiness as extensive, and that the defect of the vessel might have been as fatal to the policy as the insured would now maintain it to have been, whether the insured can object this, to avoid his own contract entered into at his request and suggestion, after it has been in a legal sense at least performed by the other party. And connected with this in argument, but distinguishable as a more general question—thirdly, whether, in any case, when the policy has not *329 been objected to or avoided, by the insurer, on the ground of a want of seaworthiness, the law will permit this suggestion from the insured for the purpose of recovering back his premium. Upon these questions, he thought that upon the distinction between * executed and executory contracts, the defend- [ * 440 ] ant in this case might repel the demand of a premium o'r consideration which had been given upon a contract executed, and no longer executory between the parties. And to this effect is the reasoning of Justice Buller in Lowry vs. Bourdieu (a) cited and applied in this view of it by Lord Mansfield in Wharton vs. De la Rive. (b) That no case similar to the present had been reported in England. There are cases of a return of premium, where, to an action upon a policy, the insurer had objected and had prevailed in showing a want of seaworthiness to avoid the policy; the premium had been tendered by the defendant, and, upon a decision in his favor, the money had been taken out of court by the plaintiff in such case. That it might be questionable whether it would have been thought expedient in any case, on an objection of this kind, to permit a recovery of the premium, if the subject had been fully considered; but there could be no reason for extending the law beyond the decisions which had occurred, and these were confined to the cases where this objection had been established by the insurer; not one had occurred where the insured had attempted to avail himself of it. That the action for the money had and received is always a demand pro cequo et bono, and in mercantile cases was often to be considered as a mere question of general expediency. Now, here, upon this ground, it might fairly be urged for the defendant, that he had incurred many risks, from which this accidental discovery of a particular defect in the construction of this vessel could not by any chance whatever have operated to release him; as if the ship, being new, had foundered; had been captured and condemned; had been wrecked, &c. Against the demand on this policy for which this premium had been given, he had not been discharged * by the defect of the vessel, [ * 441 ] but by the limitation in the contract itself; and, independent of that limitation, there had been ground to believe that the plaintiff would have never disclosed this discovery, as he hud diligently pursued his demand upon the policy, until his defect of proof on the amount of his damage had been decided, and then he, and not the defendant, had introduced the discovery of the treenailhole. That the consequences of a decision for the plaintiff, considering this as a question of expediency, would be extensively injurL *330 ous If premiums paid on the next preceding voyage might be recovered back, upon a discovery of this kind, nothing could prevent the like demands and judgments for premiums of policies upon any number of preceding voyages, ever so far back; there would be a new opening for frauds on insurers, &c.
The judges who were in favor of the plaintiff rested their opinion on the general doctrine, (from which there has been no decided ex ception,) viz., that in every contract of insurance, there is an implied warranty, that the ship is seaworthy; and if it appear that she was not so, the contract is void. That this policy must be deemed void on the facts disclosed in the case stated; that no insurance had attached upon this defective vessel, and of course no premium had been due, and is now unjustly detained.—Marshall, 156, 363, &c. 557.

 Doug. 451.—Marshall. 550.

 Park, 459.—Marshall, 552.